**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **WAYLON TRAVIS OUTLAW** | § | |
| **(Bastrop Co. No. 42141)** | § | |
| | § | |
| **V.** | § | **A-20-CV-745-RP** |
| | § | |
| **LT. GOMEZ** | § | |

## ORDER

Before the Court are Plaintiff Waylon Travis Outlaw's civil-rights complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis. After consideration of Plaintiff's complaint and more definite statement, Plaintiff's complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Bastrop County Jail. Plaintiff alleges Lt. Gomez of the Bastrop County Sheriff's Office failed to provide him the form for filing a state application for habeas corpus relief pursuant to article 11.07 of the Texas Code of Criminal Procedure. Plaintiff asserts he handwrote an application, which the state court rejected. Plaintiff sues Lt. Gomez for the denial of access to courts. He seeks $50,000, court costs and attorney's fees.

After consideration of Plaintiff's complaint, the Magistrate Court ordered Plaintiff to file a more definite statement. Plaintiff explains that Lt. Gomez is the Access-to-Courts Coordinator at the jail. According to Plaintiff, he requested forms to file an 11.07 writ at the jail's kiosk, but forms

were not provided.  Plaintiff asserts he is in the Bastrop County Jail awaiting a parole revocation hearing for a technical violation.  Plaintiff states he was also accused of a new offense, but the offense was dismissed due to the lack of evidence. Plaintiff maintains he was attempting to challenge his parole revocation proceeding in his state writ.

<u>DISCUSSION AND ANALYSIS</u>

An in forma pauperis proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff's complaint fails to state a claim upon which relief may be granted.  Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993).  This right of access for prisoners is not unlimited.  *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).  Rather, it encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Thus, to prevail on a denial

of access to the courts claim under section 1983, a plaintiff must show an actual injury in connection with an identifiable legal proceeding.  *Id.* at 349-53.

Although Plaintiff's handwritten state writ application was rejected, Plaintiff fails to allege he had any nonfrivolous legal claims to raise.  Plaintiff admits he has not yet had his parole revoked. As such, an 11.07 writ would be premature.  Moreover, the required form provides "[t]he district clerk of the county in which you were convicted will make this application form available to you, on request, without charge. The form can also be obtained from the Court of Criminal Appeals' webstite."  Plaintiff fails to indicate on what date he requested forms from the Bastrop County District Clerk and whether the District Clerk responded to his request.  For these reasons Plaintiff fails to state a constitutional violation against Lt. Gomez for her failure to provide Plaintiff with an 11.07 writ application form.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

Plaintiff is warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

It is further **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's Final Judgment to the keeper of the three-strikes list.

3

It is finally **ORDERED** that, as a courtesy, the Clerk of Court shall forward to Plaintiff the 11.07 writ application form found on the Texas Court of Criminal Appeals' website.

**SIGNED** on August 21, 2020.


ROBERT PITMAN
UNITED STATES DISTRICT JUDGE